MISSOURI PACIFIC RAILROAD COMPANY *v.* WOMACK.

Opinion delivered March 14, 1932.

*Thos. B. Pryor* and *H. L. Ponder,* for appellant.

*John E. Miller* and *C. E. Yingling,* for appellee.

HUMPHREYS, J. Appellee recovered damages against appellant in the circuit court of White County in the sum of $75 for killing his cow in the operation of its passenger train en route to Memphis on the 5th day of August, 1930, near bridge No. 4 between mile posts 291 and 292. The right of recovery was based upon the alleged negligence of appellant's employees engaged in the operation of said train in failing to give warning of the approach of the train and to stop said train after discovering the cow upon its track.

Appellant requested the court to instruct a verdict for it upon the theory that the undisputed testimony reflected that the cow came suddenly onto the top of the

track from under the east end of the trestle about 150 or 200 feet in front of the train, which was running at a speed of about sixty miles an hour, rendering it impossible for the engineer to have stopped the train and avoided hitting the animal. This was the effect of the testimony of the engineer, who swore that, although keeping a constant lookout, he did not discover the cow until he was within 150 or 200 feet of her as she came from under the east end of a trestle onto the track; that he immediately blew the whistle to frighten her off, but that he struck her before she cleared the track. He further testified that the train was the fast passenger train out of Memphis to Little Rock, and that he struck the cow about 5:30 P. M. According to the testimony of the section foreman, he found the cow on the north side of the track about 100 yards east of the trestle and buried her the next morning.

Had the testimony of the engineer been undisputed, appellant would have been entitled to its request for an instructed verdict. His testimony was disputed, however, by the testimony of witness Sawyer. This witness testified that the track was straight for a long distance each way at the point where the cow was struck; that several cows had crossed the track ahead of the cow owned by appellee and that she was the last one to cross the track from the south side to the north side thereof, and that, just as she was about to clear the track, she was struck by a fast passenger train en route to Memphis about four or four-thirty o'clock P. M.

If the cow in question was killed at four or four-thirty o'clock P. M. by a fast east-bound passenger train, then the engineer who testified was not operating the train that killed appellee's cow, for he was operating a west-bound train en route to Little Rock. The place where the carcass was found tended to corroborate the testimony of Sawyer rather than that of the engineer.

The jury accepted the testimony of witness Sawyer as true, and the conflict in testimony warranted the sub-

mission of the issue of fact to the jury for determination. The court did not err in refusing the peremptory request of appellant.

Appellant also contends for a reversal of the judgment because the court refused to give its requested instruction No. 3, which is as follows:

"The jury are instructed that the engineer and fireman and other employees of the defendant company have a right to testify in this cause, as to how this accident happened, and you are further instructed that you are to take their testimony along with the other testimony in the case, and that you have no right to disregard said testimony unless the same is contradicted by other testimony in this case."

The giving of this instruction would have singled out and given undue prominence to the testimony of the engineer. The court therefore properly refused to give the instruction.

No error appearing, the judgment is affirmed.